1   John J. Bouma (#001358)
    Robert A. Henry (#015104)
2   Joseph G. Adams (#018210)
    SNELL & WILMER L.L.P.
3   One Arizona Center
    400 E. Van Buren
4   Phoenix, AZ  85004-2202
    Phone: (602) 382-6000
5   Fax: (602) 382-6070
    jbouma@swlaw.com
6   bhenry@swlaw.com
    jgadams@swlaw.com
7
8   Joseph A. Kanefield (#015838)
    Office of Governor Janice K. Brewer
9   1700 W. Washington, 9th Floor
    Phoenix, AZ  85007
10  Telephone: (602) 542-1586
    Fax: (602) 542-7602
11  jkanefield@az.gov

12  *Attorneys for Defendant Janice K. Brewer,*
    *Governor of the State of Arizona*

13              **IN THE UNITED STATES DISTRICT COURT**

14                **FOR THE DISTRICT OF ARIZONA**

15

16   David Salgado, et al.,                No. CV-10-00951-PHX-SRB

17                    Plaintiffs,           **GOVERNOR BREWER'S RESPONSE
                                            TO PLAINTIFFS' MOTION TO
18   v.                                     AMEND THEIR FIRST AMENDED
                                            COMPLAINT**
19   Jan Brewer, et al.,

20                    Defendants.

21

22          Defendant Janice K. Brewer ("Governor Brewer") hereby responds to plaintiffs'

23   Motion to Amend Their First Amended Complaint (doc. 52).  With their motion, plaintiffs

24   submit a proposed Second Amended Complaint ("SAC").  According to plaintiffs, their

25   proposed amended pleading does little more than add two additional police officers as

26   plaintiffs and include "several technical inclusions."  Pls.' Mot. at 2.

27          Governor Brewer opposes the filing of an amended complaint because it would be

28   futile.  The addition of two additional plaintiffs does nothing to cure plaintiffs'

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

fundamental lack of standing, which is the subject of a fully-briefed motion to dismiss. Likewise, the new "technical inclusions" do nothing to improve plaintiffs' argument that SB 1070 is preempted by federal law.  As plaintiffs correctly note, the proposed amendments "do not change the substance of this action."  Pls. Mot. at 2.  The motion should be denied.

## I.    PROCEDURAL BACKGROUND

This action is one of seven pending cases that challenge the validity of Senate Bill 1070, as amended by House Bill 2162 ("SB 1070").  In both the First Amended Complaint and the proposed Second Amended Complaint, plaintiffs contend that SB 1070 violates plaintiffs' rights under federal law and that SB 1070 is preempted by federal law. Plaintiffs seek an injunction that would enjoin the enforcement of SB 1070.

Governor Brewer has moved to dismiss the First Amended Complaint on the grounds that: (1) plaintiffs lack standing to pursue these claims because they have not suffered any actual or imminent injury; and (2) plaintiffs have failed to state a claim upon which relief can be granted.  Plaintiffs have also filed a motion for preliminary injunction that seeks to enjoin the enforcement of SB 1070 before its effective date of July 29, 2010. Both motions are fully briefed and the subject of oral argument that is presently scheduled for July 15, 2010 at 10:00 a.m.

## II.   LEGAL STANDARD

Although motions for leave to file an amended complaint are evaluated under a liberal standard, it is proper to deny leave to amended pleadings that are futile and which do not correct basic deficiencies in a complaint.  *Gardner v. Martino*, 563 F.2d 981, 992 (9th Cir. 2009) (denying motion to file amended complaint where new allegations "fail to state a cognizable claim").  This is especially true where plaintiffs lack standing to pursue their claims and where the proposed amendment would not cure that "basic flaw."  *Chaset v. Racing Champions Corp.*, 300 F.3d 1083, 1087-88 (9th Cir. 2002); *see also Wood v. TriVita, Inc.*, No. CV-08-0765-PHX-SRB, 2009 U.S.. Dist. LEXIS 63996, at * (D. Ariz.

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

June 22, 2009) (denying motion for leave to join additional defendants when it would be futile to do so).

### III.  **PLAINTIFFS' PROPOSED AMENDMENT IS FUTILE**

Plaintiffs' proposed Second Amendment Complaint is futile because it does nothing to correct the basic problems in the First Amended Complaint.

### A.  **Standing**

First, the addition of new plaintiffs does not provide plaintiffs with any additional basis to claim that they have standing to pursue these claims.  As set forth in Governor Brewer's motion to dismiss (doc. 39), plaintiffs lack standing because they have failed to plead facts showing that either plaintiff David Salgado or plaintiff Chicanos Por La Causa, Inc. have suffered, or are likely to suffer, any actual or imminent injury.  *See* Mot. to Dismiss at 4-10; Reply In Supp. of Mot. to Dismiss at 2-8.

The proposed Second Amended Complaint seeks to add two additional plaintiffs, Corbet Clack and Paul Dobson.  Both new plaintiffs, like Officer Salgado, are full-time police officers for the City of Phoenix.  SAC ¶ 9.  However, plaintiffs do not allege that Officers Clack or Dobson suffered any additional injuries not already alleged in the First Amended Complaint with respect to Officer Salgado.  The only discernable difference between Officer Salgado and the proposed new plaintiffs is that Officers Clack and Dobson are alleged to be "'white' in race" while Officer Salgado is alleged to be "Mexican in ancestry and race."  SAC ¶¶ 6, 7.  However, plaintiffs advance no new allegations regarding any injury that would be suffered by them other than to add a short sentence that they will be subject to discipline by AzPOST in addition to the City of Phoenix.  SAC ¶¶ 50, 51.  For the reasons set forth in the motion to dismiss, these allegations are insufficient to provide standing to plaintiffs.

### B.  **Preemption**

In addition, plaintiffs add two new paragraphs (SAC ¶¶ 41, 43) with additional arguments for their claim that SB 1070 is preempted by federal law.  First, at paragraph

41, plaintiffs contend that SB 1070 is preempted by 8 U.S.C. § 1103(a)(10).[1]  Second, at paragraph 43, plaintiffs argue that SB 1070 is preempted by 8 U.S.C. § 1324(c).  Both of these arguments were raised in plaintiffs' motion for preliminary injunction (doc. 33), but not the First Amended Complaint.  *See* Mot. for Prelim. Inj. at 15, 18-19.  Governor Brewer already addressed these arguments in her response to plaintiffs' motion for preliminary injunction (doc. 56).  *See* Resp. to Mot. for Prelim. Inj. at 12-13.

As set forth in Governor Brewer's response, nothing in either statute limits the circumstances in which state and local law enforcement officers may assist the federal government in the enforcement of the immigration laws.  Indeed, state and local law enforcement officers have long had the authority to assist the federal government in enforcing the immigration laws.  *See*, *e.g.*, 8 U.S.C. § 1357(g)(10); *Samayoa-Martinez v. Holder*, 558 F.3d 897 (9th Cir. 2009).  Likewise, it has long been settled that "[t]he same act may offend the laws of both the state and the federal government and may be prosecuted and punished by each."  *State v. Barragan-Sierra*, 219 Ariz. 276, 287, 196 P.3d 879, 890 (App. 2008) (citing *Abbate v. United States*, 359 U.S. 187, 194 (1959)).

Accordingly, for the reasons set forth in Governor Brewer's response to plaintiff's motion for preliminary injunction (doc. 56), these arguments do not establish that SB 1070 is preempted.

## IV.   **CONCLUSION**

For these reasons, the proposed Second Amended Complaint is futile.  It adds nothing to plaintiffs' standing or preemption arguments.  The motion should be denied.

---

[1]     8 U.S.C. § 1103(a)(10) provides that the Attorney General may authorize state and local law enforcement officers to function as immigration officers if "the Attorney General determines that an actual or imminent mass influx of aliens arriving off the coast of the United States, or near a land border, presents urgent circumstances requiring an immediate [f]ederal response."

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

RESPECTFULLY SUBMITTED this 12th day of July, 2010.

SNELL & WILMER L.L.P.


By  s/John J. Bouma
     John J. Bouma
     Robert A. Henry
     Joseph G. Adams
     One Arizona Center
     400 E. Van Buren
     Phoenix, AZ  85004-2202


By  s/Joseph A. Kanefield *with permission*
     Joseph A. Kanefield
     Office of Governor Janice K. Brewer
     1700 W. Washington, 9th Floor
     Phoenix, AZ  85007

     *Attorneys for Defendant Janice K. Brewer,*
     *Governor of the State of Arizona*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 12, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By    s/John J. Bouma

11725153

Snell & Wilmer
— L.L.P. —
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000